**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                  CASE NO.: 1:05cr22-SPM/GRJ

KIM KETHAT BROWN

_____/

## O R D E R

This cause is before the Court upon the Defendant's unopposed motion for early termination of supervised release. (Doc. 49).

### I.      Background

The Defendant pled guilty to possession with intent to distribute more than 500 grams of cocaine. Ultimately, the Defendant was sentenced to 24 months of imprisonment and eight years of supervised release. After serving his sentence, the Defendant began his supervised release term on October 11, 2007. Accordingly, the Defendant has now served over half of his term on supervised release.

### II.      Early Termination of Supervised Release Standard

Pursuant to 18 U.S.C. § 3583(e)(1) and after considering the factors set forth in §3553(a),[1] a Court may terminate a term of supervised release in which the defendant has already served at least one year. *United States v. Perry*, 397 Fed.Appx. 521, 522 (11th Cir. 2010). Early termination is granted only "if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583.

_____

[1] Specifically, the statute requires the Court to examine 18 U.S.C. §§3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release. 18 U.S.C. §3583(e)(1). However, "the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendant committing the same types of crimes are all also considerations related to supervised release." *U.S. v. Reagan*, 162 Fed.Appx. 912, 914 (11th Cir. 2006).

Further, supervised release was designed to "ease the defendant's transition into the community." *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008). That is, to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. *Id*. at 709.

### III. Analysis and Conclusion

In this case, the Defendant has served over five years of his eight year term of supervised release. The Defendant has paid his $100 fine as ordered by the court. The Government does not oppose the early termination of supervised release. The probation officer for the Defendant also does not oppose the early termination of supervised release.

Accordingly, having considered all of the factors in 18 United States Code Section 3553(a) and the facts as presented, the Court is satisfied that early termination is "warranted by the conduct of the defendant and in the interest of justice." 18 U.S.C. §3564(c). It is hereby:

ORDERED AND ADJUDGED that the motion for early termination of supervised release (doc. 49) is GRANTED. Defendant's supervised release is hereby terminated.

**DONE AND ORDERED** this 11th day of December, 2012.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**